IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Days Inns Worldwide, Inc., | ) | Civil Action No.: 4:14-cv-2521-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Champak K. Patel, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Days Inn Worldwide, Inc.'s ("DIW") Motion to Enforce Permanent Injunction and for Rule to Show Cause. *See* Mot., ECF No. 4. This motion seeks an Order (1) finding Defendant Champak K. Patel ("Defendant") in violation of a Permanent Injunction Order issued by the United States District Court for the District of New Jersey[1] and (2) providing relief to DIW as a result of Defendant's violation. For the reasons set forth below, the Court grants DIW's Motion to Enforce Permanent Injunction.

DIW and Defendant were parties to a December 21, 2001 license agreement that governed Defendant's operation of a guest lodging facility in Conway, South Carolina ("License Agreement"). *See* License Agreement, ECF No. 4-3 at 7–42. After Defendant failed to comply with his contractual duties and obligations, DIW terminated the License Agreement by letter dated August 4, 2011. *See* Letter, ECF No. 4-3 at 44–55. The termination of the License Agreement also precluded Defendant from any further use of Days Inn® Marks or marks confusingly similar to Days Inn® Marks. *See id.* at 46.

Despite repeated notices and attempts to get Defendant to comply with his post-termination obligations under the License Agreement, Defendant's defaults continued. *See* Aff. of Suzanne

---

[1] *See* Order, *Days Inns Worldwide, Inc. v. Champak K. Patel*, No. 13-1008 (FSH) (MAH) (D.N.J. July 25, 2013).

Fenimore, ECF No. 4-2 at ¶ 11. Accordingly, on February 20, 2013, DIW filed a Verified Complaint for damages and permanent injunctive relief in the United States District Court for the District of New Jersey. Defendant defaulted in the New Jersey Action and a Permanent Injunction Order was issued on July 25, 2013.[2] The Defendant was sent a copy of the Permanent Injunction Order by U.S. Mail and Certified Mail on August 9, 2013. *See* Letter, ECF No. 4-9 at 5. This Court has received a Certification of Judgment for Registration in Another District from the Clerk of Court for the District of New Jersey. *See* Certification, ECF No. 1-1. There is no record of any appeal of the Permanent Injunction Order.

When Defendant continued to violate the plain and unambiguous terms of the Permanent Injunction Order, DIW filed the instant action in the Florence Division, in which Defendant and his hotel are located. DIW filed a Motion to Enforce Permanent Injunction and for Rule to Show Cause on December 3, 2013. *See* Mot., ECF No. 4. On April 23, 2014, the Court issued a Notice of Hearing and Rule to Show Cause ordering Defendant to appear before the undersigned and show cause why he had not complied with the District of New Jersey's Permanent Injunction Order and why he should not be held in contempt of court and subject to appropriate sanctions. *See* Notice of Hearing and Rule to Show Cause, ECF No. 7 at 1. The Court directed DIW to properly serve a copy of both the Notice of Hearing and Rule to Show Cause **and** the Motion to Enforce Permanent Injunction and for Rule to Show Cause. *Id.* at 2. On June 24, 2014, DIW provided proof of service of these documents. *See* USM Return of Service, ECF No. 13.

The hearing on the Motion to Enforce and Rule to Show Cause was held on June 27, 2014 at 9:30 a.m. at the United States District Court in Florence, South Carolina. Attorney Billy McGee appeared on behalf of Plaintiff DIW. Although the hearing was scheduled to begin at 9:30 a.m., Defendant was not present at that time. Accordingly, the Court waited an additional thirty minutes

---

[2] *See supra* note 1.

2

to see if Defendant, or any attorney on his behalf, would appear before beginning the proceedings. Ultimately, nobody appeared on Defendant's behalf.

Based on the evidence presented to the court and the arguments of Attorney McGee at the hearing, the Court finds that Defendant was properly served with the Notice of Filing Judgment, Certification of Judgment, Motion to Enforce Permanent Injunction and Notice of Hearing on May 28, 2014. Despite this, Defendant has not filed any documents with the Court in this matter and he failed to appear at the June 27, 2014 hearing.

The only evidence before the Court is that the Defendant continues to violate the terms of the Permanent Injunction Order. Defendant has failed or refused to de-identify his property as ordered by the District Court of New Jersey, and he has failed or refused to appear before this Court to explain his violations.

Based on the foregoing, it is therefore **ORDERED** that:

1. DIW's motion is **GRANTED** and it is entitled to all relief sought therein. DIW shall serve Defendant **AND** his hotel manager with a copy of this Order once it is entered with the Court;

2. Defendant is hereby found in **CONTEMPT** of the Permanent Injunction Order issued by United States District Judge Faith S. Hochberg of the District of New Jersey;

3. Defendant is **ORDERED** to remove or cause to be removed at his expense all signs, marks and other communications prohibited by the Permanent Injunction Order no later than thirty (30) days from the date on which he is served with a copy of this Order. If Defendant fails to comply with this Order, DIW is instructed to advise the Court in a written filing. DIW will then be permitted to retain a contractor, who will be accompanied by a Deputy United States Marshal, to remove the offending signs, marks and other communications **at Defendant's expense**; and

4.	Finally, the Court finds that DIW is entitled to recover its attorneys' fees and costs incurred in this action.  This Court finds that the fees and costs identified in the submitted affidavit from counsel for DIW, *see* ECF No. 15, are reasonable and were necessary to enforce its rights under the Permanent Injunction Order.  Therefore, judgment is hereby entered against Defendant in the amount of **$9,840.10**.

**IT IS SO ORDERED**.

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 29, 2014