IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Days Inns Worldwide, Inc., | ) | Civil Action No.: 4:14-cv-2521-RBH |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Champak K. Patel, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

This matter is before the Court following Plaintiff Days Inn Worldwide, Inc.'s ("Plaintiff") Notice of Defendant's Noncompliance with Court Order. *See* ECF No. 21. The Court previously granted Plaintiff's Motion to Enforce Permanent Injunction via Order dated July 29, 2014. *See* ECF No. 17. In that Order, the Court granted all of the relief requested by Plaintiff in its motion, and found Defendant Champak K. Patel ("Defendant") to be in contempt of the Permanent Injunction issued by United States District Judge Faith S. Hochberg of the District of New Jersey. *See id.* at 3. The Court ordered Defendant to remove or cause to be removed at his expense all signs, marks and other communications prohibited by the Permanent Injunction Order no later than thirty (30) days from the date he was served with a copy of the Order. *See id.* The Court also explained that if Defendant failed to comply with the Order, Plaintiff should advise the Court in a written filing. *See id.* The Court detailed that Plaintiff would then be permitted to retain a contractor, who would be accompanied by a Deputy United States Marshal, to remove the offending signs, marks and other communications at Defendant's expense. *See id.*

On October 6, 2014, Plaintiff filed the notice that is presently before the Court. In the Notice, Plaintiff noted that it had provided proof of service of the Court's July 29, 2014 Order on Defendant and his hotel manager (which Defendant also personally accepted). *See* ECF Nos. 19–

20. The service documents indicate that Defendant was served on August 11, 2014. *See* ECF No. 19-1. In the Notice, Plaintiff also explained that, as of October 1, 2014, Defendant had not complied with the Order requiring him to de-identify the property. *See* ECF No. 21 at 1. Plaintiff indicated that it was in the process of obtaining a quote from a contractor regarding the cost of removing all offending signs, marks and other communications at Defendant's property. *See id.* at 2.

Based on this notice, the Court **ORDERS** that Plaintiff may proceed with hiring a contractor to de-identify the property. Counsel for Plaintiff is instructed to contact Rick Tessari with the United States Marshal Service at 843-662-1774 to arrange for a Deputy U.S. Marshal to accompany the contractor to Defendant's property as long as necessary in the event the Defendant interferes with the de-identification and removal of the signs, marks and other communications prohibited by the Permanent Injunction Order.

The Court previously warned Defendant that the cost of the contractor would be assessed against him if he did not comply with the Court's order. Accordingly, counsel for Plaintiff should submit an additional notice once the property is de-identified, along with any relevant documentation or invoices supporting the contractor's costs. The Court will then issue an additional Order and judgment against Defendant for Plaintiff's reasonable expenses incurred in having the contractor de-identify the property.

**IT IS SO ORDERED**.

                                                   s/ R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

Florence, South Carolina
October 20, 2014